THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION NO.: 5:17-CV-445-D

| | |
|---|---|
| THOMAS EDGAR,<br>NINA EDGAR,<br>EDWARD WAAS, and<br>JACK LEVIS, On behalf of themselves<br>and all others similarly situated,<br><br>                Plaintiffs<br><br>vs.<br><br>PCL CIVIL CONSTRUCTORS, INC.,<br><br>                Defendant | **SECOND AMENDED<br>CLASS ACTION COMPLAINT** |

Plaintiffs, pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, do hereby file this Second Amended Class Complaint and Plaintiffs further state that this filing is made with the written consent of Defendant.

Plaintiffs, by and through counsel, on behalf of themselves and all others similarly situated, allege as follows against Defendant:

## NATURE OF THE ACTION

1. This is a class action seeking compensatory damages for each Plaintiff individually, and as representatives and on behalf of the classes described herein.

2. Plaintiffs allege that Defendant was negligent in the construction of the Bonner Bridge which spans between Bodie Island and Hatteras Island in Dare County, North Carolina. More specifically, it is alleged that Defendant, by and through its agents and/or employees, did negligently drive a steel casing into the ground at a location where a known power transmission line existed causing the power transmission line to be damaged. As a result, electrical power to

Hatteras Island and Ocracoke Island was disrupted. Following this power disruption, a state of emergency was declared and visitors to both islands were evacuated by governmental agencies. This evacuation has caused substantial losses to thousands of people visiting and/or residing on the islands. The damaging of the power transmission line and the subsequent evacuation are collectively referred to as the "Incident."

3. Plaintiffs, and all other persons similarly situated, suffered damages arising out of the Incident and its aftermath as more fully set forth herein.

## PARTIES

4. Plaintiffs Thomas Edgar and Nina Edgar are citizens and residents of Pennsylvania (collectively "Plaintiffs Edgar").

5. Plaintiff Edward Waas ("Waas") is a citizen and resident of Pennsylvania.

6. Plaintiff Jack Levis ("Levis") is a citizen and resident of Pennsylvania.

7. The above Plaintiffs appear in their individual capacity and as representatives of the classes as more fully set forth herein.

8. In addition to the above named Plaintiffs, it is further alleged that thousands of other people, most of whom at this time are unknown and therefore unnamed, were damaged in one or more ways as herein alleged, who as this class action progresses will be identified, and are in fact contemplated members of the classes of persons, whom this action seeks to protect.

9. Defendant PCL Civil Constructors, Inc. is a Colorado corporation with its principal place of business and registered agent located in Raleigh, Wake County, North Carolina.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d)(2).

11. Venue is proper in the Court under 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

12. Plaintiffs incorporate by reference each allegation stated above as if more fully stated herein.

13. Upon information and belief, on or about 2011, Defendant was awarded the bid for the 3.5 mile-long replacement to the existing Bonner Bridge which connects Bodie Island to Hatteras Island in Dare County, North Carolina.

14. Upon information and belief, Defendant is the contractor responsible for the construction of the new Bonner Bridge connecting Bodie Island with Hatteras Island, North Carolina.

15. Upon information and belief, on July 27, 2017, Defendant had employees and/or agents actively working at the Bonner Bridge project.

16. Upon information and belief, on July 27, 2017, Defendant and its employees and/or agents working at the Bonner Bridge had plans and drawings for the Bonner Bridge project which marked the location of underground utilities including the power transmission line that provides power to Hatteras Island and Ocracoke Island, North Carolina.

17. Upon information and belief, on July 27, 2017, Defendant and its employees and/or agents working at the Bonner Bridge did fail to adequately review the plans showing the location of the underground power transmission line described above, such that on July 27, 2017, Defendant and its agents and/or employees lacked adequate knowledge of the location of the underground power transmission line described above.

18. Upon information and belief, on July 27, 2017, Defendant and its employees and/or agents did operate construction equipment in such a manner as to drive a piece of steel casing into the ground at the location of the underground power transmission line described above causing said underground power transmission line to be damaged.

19. The acts and omissions of Defendant's employees and/or agents as alleged herein occurred while said employees and/or agents were working within the scope and course of their employment and/or agency with Defendant.

20. Following the damage of the underground power transmission line described above, the islands of Hatteras and Ocracoke were no longer connected to an external transmitted source of electrical power.

21. In response to a lack of electrical power, governmental agencies with authority over Hatteras Island and Ocracoke Island did issue a mandatory evacuation for visitors to Hatteras Island and Ocracoke Island. This mandatory evacuation for visitors remained in place until Friday, August 4, 2017 at 12:00 noon.

22. On July 27, 2017, Plaintiffs Thomas Edgar and Nina Edgar were visitors to Hatteras Island as a result of a vacation rental agreement allowing the occupancy of a vacation rental home on Hatteras Island from July 23 through July 30, 2017.

23. Plaintiffs Edgar did pay in excess of $7,000 for their vacation rental home.

24. As a result of the Incident, Plaintiffs Edgar were forced to evacuate their vacation rental home early in the morning of July 29, 2017.

25. Prior to this evacuation and due to the Incident, Plaintiffs Edgar were deprived of the use and enjoyment of their vacation rental home starting early in the morning on July 27, 2017 when they lost power to the home.

26. As a direct and proximate result of Defendant's acts and/or omissions, Plaintiffs Edgar experienced damages due to the Incident including the value of the vacation rental home for the time without power and the time evacuated, loss of use, inconvenience, and other damages to be shown later at the trial of this matter.

27. On July 27, 2017, Plaintiff Edward Waas and his family were visitors to Hatteras Island as a result of a vacation rental agreement allowing the occupancy of a vacation rental home on Hatteras Island from July 22 through July 29, 2017.

28. Plaintiffs Edgar did pay in excess of $3,000 for their vacation rental home.

29. As a result of the Incident and the lack of electrical power, Plaintiff Waas and his family were forced to evacuate their vacation rental home during the evening of July 27, 2017.

30. Prior to this evacuation and due to the Incident, Plaintiffs Edgar were deprived of the use and enjoyment of their vacation rental home starting early in the morning on July 27, 2017 when they lost power to the home.

31. As a direct and proximate result of Defendant's acts and/or omissions, Plaintiff Waas experienced damages due to the Incident including the value of the vacation rental home for the time without power and the time evacuated, loss of use, inconvenience, and other damages to be shown later at the trial of this matter.

32. Pursuant to North Carolina law and the terms of the vacation rental agreements applicable to their respective vacation stays, Plaintiffs Edgar and Waas, and members of the Vacation Rental Class described below, were entitled to the uninterrupted use and enjoyment of their vacation rental properties for the duration of the term specified in the applicable vacation rental agreements.

33. As a direct and proximate result of Defendant's acts and omissions described above, including the acts and omissions of Defendant's agents and/or employees, Plaintiffs Edgar and Waas, and members of the Vacation Rental Class described below, experienced the interruption of the rights of occupancy and use of their vacation rental homes.

34. As a direct and proximate result of Defendant's acts and omissions described above, including the acts and omissions of Defendant's agents and/or employees, Plaintiffs Edgar and Waas, and members of the Vacation Rental Class described below, suffered losses and damages including the necessity to evacuate the vacation rental homes, the loss of use of the vacation rental homes, inconvenience and other related damages to be shown at the trial of this matter including, but not limited to, the reasonable value of the cost of the vacation rental homes for the time period that Plaintiffs and members of the class were deprived of the full use and enjoyment of the vacation rental homes and were forcibly evacuated from said rental homes and/or forcibly prevented from accessing said rental homes.

35. Plaintiff Levis is the owner of a vacation home on Hatteras Island, North Carolina.

36. Plaintiff Levis ordinarily rents his vacation home to summer vacationers. For the week of July 29, 2017 through August 5, 2017, Plaintiff Levis had not rented the vacation home but had reserved that week for his family vacation.

37. As a direct and proximate result of the Incident, Plaintiff Levis and his family were deprived of the use and occupancy of his vacation rental home and incurred costs in excess of $10,000 for the rental of a replacement vacation rental home in Virginia Beach, Virginia. Plaintiff Levis also lost over $1,000.00 of food that had been delivered to the Hatteras Island vacation home that he could not access and has now been lost.

38. As a direct and proximate result of Defendant's acts and/or omissions, Plaintiff Levis has experienced damages due to the Incident including the cost of a replacement rental vacation rental home, damage for the cost of food lost, loss of the use of his home, inconvenience, and other damages to be shown later at the trial of this matter.

39. Pursuant to North Carolina law, Plaintiff Levis, and members of the Homeowner Class described below, are entitled to the uninterrupted use and enjoyment of their vacation homes.

40. As a result of Defendant's acts and omissions described above, including the acts and omissions of Defendant's agents and/or employees, Plaintiff Levis, and members of the Homeowner Class described below, experienced the interruption of rights of use and occupancy of their homes and, in some instances, continue to experience such interruption.

41. As a result of Defendant's acts and omissions described above, including the acts and omissions of Defendant's agents and/or employees, Plaintiff Levis, and members of the Homeowner Class, suffered losses and damages including the necessity to evacuate their homes, the loss of use of homes, inconvenience and other related damages to be shown at the trial of this matter including, but not limited to, the reasonable value of the homes for the time period that Plaintiff and members of the class were deprived of the full use and enjoyment of the vacation rental homes and were forcibly evacuated from said homes and/or forcibly prevented from accessing said homes.

## **CLASS ACTION ALLEGATIONS**

42. Plaintiffs incorporate by reference each allegation stated above as if more fully stated herein.

43. This action is brought by Plaintiffs as representatives of all others similarly situated under the provisions of Rule 23(a) of the Federal Rules of Civil Procedure for compensatory damages

as set forth in more detail below. Each Plaintiff, as a representative of the class, has suffered one or more of the elements of damages as alleged herein and is a member of one of the classes as set forth below.

44. The Vacation Rental Class so represented by Plaintiffs Edgar and Waas in this action, and of which Plaintiffs Edgar and Waas are themselves members, is defined as follows:

> All natural persons who were renting or had rented a residential vacation property on Hatteras Island or Ocracoke Island and were subject to evacuation or were not permitted to access their rental property as a result of the Incident.

> Excluded from the class are those persons who would otherwise be class members, but who or which are: (i) Defendant, or any of its employees, agents, insurers, contractors, and subcontractors, including employees of Defendant's agents, contractors or subcontractors, (ii) the Court, court personnel and their immediate families, (iii) the attorneys for any of the Parties and members of their law firms; (iv) making a claim for personal injury and/or physical damage to real property; and (v) Opt Outs.

45. The Homeowner Class so represented by Plaintiff Levis in this action, and of which Plaintiff Levis is a member, is defined as follows:

> All natural persons who owned improved residential property on Hatteras Island or Ocracoke Island and were subject to evacuation or were not permitted to access their property as a result of the Incident.

> Excluded from the class are those persons who would otherwise be class members, but who or which are: (i) Defendant, or any of its employees, agents, insurers, contractors, and subcontractors, including employees of Defendant's agents, contractors or subcontractors, (ii) the Court, court personnel and their immediate families, (iii) the attorneys for any of the Parties and members of their law firms; (iv) making a claim for personal injury and/or physical damage to real property; and (v) Opt Outs.

46. Upon information and belief, in addition to the named Plaintiffs, a significant number of other vacation renters and homeowners were forced to evacuate their rented or owned properties or were prevented from accessing their rented or owned properties in response to the Incident in a similar fashion as the individual Plaintiffs. The exact number of members of the class

identified above is not known, but it is estimated that the total number of all class members exceeds 1000 based on accounts of the Incident reported by multiple news outlets. The class is so numerous that joinder of individual members is impractical.

47. Common issues of law and fact predominate with respect to the issues raised herein. Common issues include the negligence of Defendant and whether Plaintiffs are entitled to damages as a proximate result of Defendant's negligence. The only individual questions affecting individual members of the class are the precise amount and measure of damages to which each class member is entitled. The common issues predominate over the individual issues.

48. The claims of the representative Plaintiffs are typical of the claims of the class members. The claims of all members of the class, including the Plaintiffs, depend on the showing that the acts and omissions of the Defendant that gave rise to the rights of the Plaintiffs to the relief sought herein and in showing that the damages were caused by said acts and omissions of the Defendant. There is no conflict between the Plaintiffs and any members of the class with respect to this action or all of the claims for relief herein set forth.

49. Plaintiffs will fairly and adequately protect the interests of the class which they represent. The interests of the Plaintiffs are consistent with those of the class members.

50. Plaintiffs are represented by experienced and able counsel who have expertise in the areas of tort law, trial practice, and class action representation. The undersigned Plaintiffs' counsel has served as co-lead or lead counsel on three North Carolina certified class actions arising from evacuations similar to the Incident described herein.

51. The class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Because of the number and nature of common questions of fact and law, multiple separate lawsuits would not serve the interest of judicial economy.

52. The potential class members are readily ascertainable as the class is confined to a discrete group of individuals who meet the above class definition. This litigation is manageable as a class action in that the conduct of Defendant uniformly applies to the claims of all Plaintiffs and there are no apparent impediments in the ability to identify the putative class members.

53. Plaintiffs reserve the right to amend the above class definition as additional information becomes available through discovery in this matter.

## COUNT I (Negligence)

54. Plaintiffs incorporate by reference each allegation stated above as if more fully stated herein.

55. At all relevant times, Defendant had a duty to exercise reasonable care in the design and construction of the Bonner Bridge.

56. At all times relevant, Defendant had a duty to ensure that construction activities at the Bonner Bridge would not result in a disruption of power to Hatteras Island and Ocracoke Island.

57. At all times relevant, Defendant had a duty to not disrupt the use and enjoyment of vacation homes on Hatteras Island and Ocracoke Island by vacationers and homeowners.

58. At all relevant times, Defendant had a duty to establish procedures and processes to ensure that the construction of the Bonner Bridge was done in a safe and reasonable manner and in such a way as to prevent a disruption of power to Hatteras Island and Ocracoke Island.

59. At all relevant times, Defendant had a duty to refrain from operating the construction of the Bonner Bridge in a manner that would foreseeably cause harm to Plaintiffs and the other members of the class.

60. At all relevant times, Defendant had a duty to inspect the construction of the Bonner Bridge to ensure that all construction activities were being done in a proper and safe manner.

61. Defendant knew, or in the exercise of reasonable care should have known, of the serious consequences that damage to the power transmission line could have on vacationers and homeowners at Hatteras Island and Ocracoke Island including the potential that vacationers and homeowners would be deprived of the use and enjoyment of their homes.

62. Defendant was negligent, by and through the acts and/or omissions of its employees and/or agents, proximately causing damage to Plaintiffs and the proposed class members by:

   a. Failing to take adequate precautions to identify the location of the power transmission line;

   b. Failing to ensure that construction activities at the Bonner Bridge did not damage the power transmission line;

   c. Placing a steel casing into the ground in such a manner as to damage the power transmission line;

   d. By failing to exercise reasonable care in protecting and preserving the rights of Plaintiffs and the proposed class members;

   e. By failing to exercise reasonable care in the management, supervision and construction of the Bonner Bridge; and

   f. By acting or failing to act in other ways not fully set forth herein but as may be developed during further discovery in this action.

63. It was reasonably foreseeable to Defendant that if Defendant damaged the power transmission line and disrupted the power to Hatteras Island and Ocracoke Island that Plaintiffs and members of the proposed classes would suffer damages as more fully alleged herein.

64. As a direct and proximate result of the negligence of the Defendant as hereinabove alleged, the Plaintiffs, and the class of Plaintiffs they represent, were deprived of the use and enjoyment of their homes and were damaged as set forth herein and are entitled to recover the same of the Defendant.

## COUNT II (Nuisance)

65. Plaintiffs re-allege herein all of the above allegations.

66. As a direct and proximate result of Defendant's acts and/or omissions, Defendant did cause an invasion of the Plaintiffs' interest in the private use and enjoyment of the property of Plaintiffs and the classes of Plaintiffs they represent.

67. Defendant's acts were intentional and unreasonable, or negligent, reckless or due to abnormally dangerous conditions or activities.

68. The interference with the use of the Plaintiffs' properties, and the properties of the classes they represent, proximately caused by Defendant was substantial.

69. As a direct and proximate result of the foregoing acts and/or omissions of the Defendant, which constitute a private nuisance, the Plaintiffs, and the classes of Plaintiffs they represent, have suffered significant harm and were damaged as set forth herein and are entitled to recover the same of the Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray the Court as follows:

1. That after due proceedings, this action be certified as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

2. That in due course, this action proceed as a class action, pursuant to the above named provisions, to judgment as therein provided in favor of Plaintiffs, and the class Plaintiffs represent, and against Defendant;

3. That Plaintiffs, and the class Plaintiffs represent, have and recover damages of the Defendant pursuant to the claims for relief set out in this Complaint;

4. That Plaintiffs, and the class Plaintiffs represent, have and recover prejudgment and post judgment interest at the maximum legal rate;

5. That the Plaintiffs, and the class Plaintiffs represent, have and recover attorneys fees as allowed by law;

6. That the Plaintiffs, and the class Plaintiffs represent, have and recover the costs of this action as allowed by law; and

7. For such other and further relief as the Court deems just and proper.

PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

This the 7th day of September, 2017.

/s/ J. Michael Malone
J. Michael Malone, Esq.
N.C. State Bar No.: 26512
Hendren, Redwine & Malone, PLLC
4600 Marriott Drive, Suite 150
Raleigh, NC 27612
mmalone@hendrenmalone.com
Telephone: (919) 573-1423
Facsimile: (919) 420-0475
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing pleading was filed this day electronically with the Clerk of Court using the CM/ECF system which will send notification of such filing to the below parties and/or counsel of record:

Attorneys For Defendant

Rodney E. Pettey
rpettey@ymwlaw.com

David M. Fothergill
dfothergill@ymwlaw.com

Alexandra L. Couch
acouch@ymwlaw.com

This the 7th day of September, 2017.

**HENDREN & MALONE, PLLC**

/s/ J. Michael Malone
J. Michael Malone, Esq.
N.C. State Bar No.: 26512
Hendren, Redwine & Malone, PLLC
4600 Marriott Drive, Suite 150
Raleigh, NC 27612
mmalone@hendrenmalone.com
Telephone: (919) 573-1423
Facsimile: (919) 420-0475
*Counsel for Plaintiff*